OPINION OF THE COURT
Harry Edelstein, J.
The Public Defender of Rockland County representing the above-named defendants and on behalf of others similarly situated has applied to have the defendants resentenced under section 60.09 of the Penal Law.
Section 60.09 of the Penal Law (L 1979, ch 410, § 3) entitled "[authorized dispositions; resentencing of certain persons con *755 victed of specified controlled substance offenses”, effective September 1, 1979, reduced the severity of the "Rockefeller Drug Law”. Under the provisions of this new law on a class A-III conviction, the court may impose a new maximum term no less than three times the minimum imposed in the original and no more than 25 years (Penal Law, § 60.09, subd b, par [i]) and shall resentence to the same minimum term as previously imposed. (Penal Law, § 60.09, subd b, par [iii].) On a class A-II conviction, the court may impose a new minimum term which shall be no less than three years and no more than eight and a third years (Penal Law, § 60.09, subd b, par [ii]), and shall impose a maximum of life. (Penal Law, § 60.09, subd b, par [iv].) Thus, the least severe sentence permissible under the new sentencing structure for an A-III conviction is a minimum of one and a maximum of three. For an A-II conviction, the least severe sentence possible is a three year to life sentence.
The defendants involved herein are in various institutions throughout the State. In those instances where the court intends to impose the least severe sentence permissible, the cost of transporting these defendants back to this court for resentencing imposes an unnecessary economic burden upon the municipal governments involved and the lack of the defendants’ presence in those instances cannot have any possible prejudicial effect on those defendants. In fact, it affords them a much quicker and simpler resentencing which may result in immediate parole in some cases. The court finds that CPL 380.40 is inapplicable. The underlying rationale of that section is not offended since the defendants’ presence could in no way lessen the sentences which are being imposed herein.
Those defendants sentenced by this court to A-III felonies for which applications to resentence have been received are Albert Pearson, indictment No. 78-249; Richard La Barbera, indictments Nos. 78-123, 78-124; John McCray, indictment No. 76-137, all of whom were originally sentenced to a term of one year to life, and Gibbs Hodges, indictment No. 78-55, who was sentenced to one and a half to life. This court has reviewed the probation report and the sentencing minutes of each of these defendants, and in each case the court had indicated at the time of sentencing that the defendants had nonviolent backgrounds. It recommended they be considered for early release by the State Division of Parole. Accordingly, this court *756 determines that each of the above-named defendants shall be resentenced to the new maximum of three times the minimum sentence originally imposed. The new sentences are: Albert Pearson, indictment No. 78-249, 1-3; Richard La Barb-era, indictment No. 78-123, 1-3; Richard La Barbera, indictment No. 78-124, 1-3 (con. with 78-123); Gibbs Hodges, indictment No. 78-55, I-V2 — 4-V2\ John McCray, indictment No. 76-137, 1-3. This sentencing is effective September 1, 1979.
Of course, where the court feels that more than the least severe permissible resentence is appropriate, then the defendants’ presence in court would be required.
In regard to those defendants covered by this application, but not originally sentenced by this Judge, those applications are respectively referred to the Honorable Robert J. Stolarik and the Honorable John A. Gallucci, respectively.
The District Attorney of Rockland County has consented to this procedure and the new sentences imposed. The clerk of this court is directed to mail a copy of this decision to the District Attorney, defendants, the New York State Division of Parole and to the institution where each defendant is incarcerated.